# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ANTHONY J. PETERS, #18410**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO. 1:05cv340-DMR-JMR**

**JIM HOOD**  **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before this Court on the Respondents' Motion [15-1] to Dismiss Pursuant to § 2244(d). Having considered the Respondents' Motion [15-1], along with the entire record and the applicable law, this Court finds that the Motion [15-1] is well-taken and should be granted. Accordingly, Peters' petition in the above-captioned action should be dismissed.

### I. Statement of the Case

On December 13, 1994, the Petitioner, Anthony J. Peters ("Peters"), was convicted of transfer of a controlled substance in the First Judicial District of the Circuit Court of Harrison County, Mississippi, and was sentenced to serve a term of thirty (30) years as an habitual offender in the custody of the Mississippi Department of Corrections. (*See* Final Judgment, attached to Respondent's Motion to Dismiss as Exhibit "A").

Peters' judgment of conviction became final on August 12, 1997, fourteen days after Peters' conviction and sentence were affirmed by the Mississippi Court of Appeals. Peters submitted his federal habeas petition sometime between July 7, 2005, the date he signed it, and July 15, 2005, the date it was stamped "filed." According to the mailbox rule, Peters' petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, at the earliest, Peters "filed" his petition on July 7, 2005.

## II. Analysis

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999). On July 29, 1997, Peters' conviction and sentence were affirmed by the Mississippi Court of Appeals in an opinion not designated for publication. (*See* Opinion, attached to the Respondent's Motion as Exhibit "B"). Peters declined to seek further review in state court by filing a timely motion for rehearing pursuant to Rule 40 of the Mississippi Rules of Appellate Procedure (M.R.A.P) or a subsequent petition for writ of certiorari pursuant to M.R.A.P. 17. By failing to seek the final steps of discretionary review, Peters "stopped the appeals process" and waived his right to pursue review in the United States Supreme Court by way of a petition for writ of certiorari. (*See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003)). Therefore, Peters' judgment became final, and the statute of limitations for federal habeas relief began to run, when the time for seeking further direct review in the state court expired on August 12, 1997, fourteen (14) days after a decision was handed down on the merits of the case. (*See* M.R.A.P. 40, allowing 14 days to file a motion for rehearing after a decision is handed down on the merits of a case). The Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year time limit has been interpreted to mean that it does not begin to run against a state prisoner prior to the statute's date of enactment, *i.e.* April 24, 1996. (*See Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002); *Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir. 1999)). All convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. Peters was sentenced after the Act's date of enactment, so this provision does not apply to the case sub judice.

According to the mailbox rule, Peters' petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). At the earliest, Peters "filed" his federal petition when he signed it on July 7, 2005, some 2,521 days after the federal statute of limitations had expired on August 12, 1998. Based on the foregoing, Peters' federal petition for habeas corpus is barred by the one-year statute of limitations, unless Peters is entitled to either statutory or equitable tolling.

The first issue is whether statutory tolling occurred during the period between the judgment becoming final and his filing of the federal petition for federal habeas corpus. 28 U.S.C. § 2244(d)(2) provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction" remains pending. As noted above, the Mississippi Court of Appeals affirmed Peters' conviction and sentence on July 29, 1997. (*See* Opinion, attached to the Respondent's Motion as Exhibit "B"). Peters filed a motion for rehearing on September 4, 1997. This motion was dismissed by the Mississippi Court of Appeals as untimely on September 23, 1997. (*See* Order, attached to the Respondent's Motion as Exhibit "C"). Peters also filed an application for leave to file a motion for post-conviction relief on February 26, 1999; which was denied by order filed June 2, 1999. (*See* Application and Order, attached to the Respondent's Motion as Exhibits "D" and "E"). Peters then filed a second application on February 24, 2005; which was denied by an order filed on March 15, 2005. (*See* Application and Order, attached to the Respondent's Motion as Exhibits "F" and "G"). Pursuant to § 2244(d)(2), Peters' state post-conviction motions cannot toll the one-year limitations period described in § 2244(d)(1) as they were not filed within the one-year limitations period for filing the petition for writ of habeas corpus. Peters' petition is therefore barred by § 2244(d), unless Peters persuades this Court that his claim should not be time-barred under the principles of equitable tolling.

Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Furthermore, in *Rashidi,* the Fifth Circuit stated, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Peters did not file a reply to the Respondent's Motion and has presented no argument for equitable tolling.

Without the benefit of equitable tolling, Peters needed to file his federal habeas petition on or before August 12, 1998. At the earliest, Peters filed his federal habeas petition on July 7, 2005 – the date he signed the federal petition in the above-captioned case. Peters' Petition is therefore barred by § 2244(d).

### III. Conclusion

Peters' state court conviction became final on August 12, 1997. Thereafter, Peters had one year, or until August 12,1998, to file a federal petition for a writ of habeas corpus. At the earliest, Peters filed his federal habeas petition on July 7, 2005. This Court finds that Peters is entitled to neither statutory nor equitable tolling. Therefore, it is the recommendation of this Court that Peters' Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations

contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   9th   day of June, 2006.

*s/ John M. Roper, Sr.*<br>CHIEF UNITED STATES MAGISTRATE JUDGE